## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ASHOK ARORA, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-00767 |
| AARGON AGENCY, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes ASHOK ARORA ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of AARGON AGENCY, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law ICFA claim pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4.   Plaintiff is a natural person over 18 years-of-age who resides within the Northern District of Illinois.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant "offers comprehensive debt collection agency services nationwide including first party, early-out collection and billing services," and on its website, mentions that its strengths include "aggressive debt collection practices."[1]  Defendant services delinquent consumer debts for others, and has been a member of ACA International, an association of credit and collection professionals, since 2007.[2]

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.   In approximately March 2016, Plaintiff began receiving phone calls from Defendant to his cellular phone, (224) XXX-3846.

---

[1] http://www.aargon.com/about-us.html
[2] http://www.acainternational.org/search#memberdirectory

2

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 3846. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. The phone number ending in 3846 has been assigned to Plaintiff for approximately 9 years.

12. During answered phone calls, Plaintiff would experience silence and the line would be disconnected shortly thereafter.

13. In spite of the fact that Plaintiff has no relationship with Defendant and has never granted it consent to contact him, Defendant continued to call Plaintiff's cellular phone up through October 2016.

14. Plaintiff was confused and unaware as to why Defendant was contacting him, so he even returned one of its calls to inquire as to the nature of its calls.

15. Upon calling Defendant, Plaintiff experienced an automated prompt before he was connected with a live representative.

16. Upon speaking with a representative, Plaintiff was informed that Defendant was seeking to collect upon a debt owed by an individual named "Elizabeth."

17. Plaintiff is unfamiliar with any individual by that name, so he notified Defendant of this information and indicated his desire that he no longer be contacted.

18. Defendant has also left voice messages on Plaintiff's cellular phone, urging him to return its phone call, even though he was not the debtor.

19. Defendant has called Plaintiff using various phone numbers, including but not limited to: (800) 852-0411 and (866) 999-6445.

20. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

3

21. Plaintiff has received not less than 19 phone calls from Defendant, seeking to collect upon an unknown individual.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions, which have caused Plaintiff added stress.

23. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown person, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The automated prompt which Plaintiff experienced prior to being connected with a live representative is instructive that an ATDS was being utilized to generate the

phone calls. In addition, the silence during certain phone calls, as well as the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

28. Plaintiff has never had any business relationship with Defendant nor has he given it permission to call his cellular phone. Defendant was calling Plaintiff's cellular phone looking for a different party whom Plaintiff had no familiarity with. As such, Plaintiff could not have given Defendant consent to contact him. Even if Defendant had a legitimate business reason for initially contacting Plaintiff, which it did not, Plaintiff explicitly revoked any consent by his overtures to cease contact. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Plaintiff has had the same phone number for approximately nine years, but yet, Defendant decided to begin contacting him for a debt which Plaintiff had no obligation on, evidenced by the fact that Defendant was seeking to collect upon a female debtor named Elizabeth, with whom Plaintiff has no familiarity with. As such, Defendant had ample reasons to be aware that it was calling the wrong party, but yet, it continued its attempts to harass Plaintiff into submission.

WHEREFORE, Plaintiff, ASHOK ARORA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees;

d.  Enjoining Defendant from further contacting Plaintiff; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANT

30.  Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31.  Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

32.  Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

33.  The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."  815 ILCS 505/2.

34.  Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff.  It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when it had no reason or permission to do so.  Defendant was attempting to contact an entirely different person that Plaintiff had no relationship with.  The fact that Defendant continued its onslaught of phone calls, even after being privy to the fact that it was calling the wrong person, is illustrative of Defendant's unfair practice.

35.  Moreover, Defendant has engaged in deceptive practices by calling Plaintiff and subjecting him to silence before disconnecting the call shortly thereafter.  This behavior was an

attempt by Defendant to coerce Plaintiff into returning its call and making a payment, even though Plaintiff has no relation to the debt or the debtor.

36.   The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

37.   The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper."  815 ILCS 505/10a.

38. As pled in paragraphs 21 through 24, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices.  As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.  An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff.  Plaintiff has had the same phone number for nearly a decade, and Defendant began calling him out of the blue in order to collect upon an individual who has no relationship to Plaintiff whatsoever. Defendant had ample reasons to be aware of the fact that it was calling the wrong person, yet, Defendant continued its campaign of phone calls with the intent to secure payment, no matter if it was from the customer actually owing the debt, or an unrelated consumer like Plaintiff.  Adhering to its self-proclaimed aggressive debt collection practices, Defendant contacted Plaintiff not less than 19 times seeking to collect upon an unknown third party.  Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, ASHOK ARORA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 31, 2018                                         Respectfully submitted,

s/ Nathan C. Volheim                                    s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                        Counsel for Plaintiff
Admitted in the Northern District of Illinois      Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                              Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200          2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                                  Lombard, Illinois 60148
(630) 575-8181 x113 (phone)                         (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                      (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                           thatz@sulaimanlaw.com